### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

```
------------------------------ x
SHANTAY TAYLOR,                 :
                                :
         Plaintiff,             :
                                :
v.                              :   Civil No. 3:22-cv-1431 (AWT)
                                :
MARITIME ODYSSEY PRESCHOOL,     :
                                :
         Defendant.             :
------------------------------ x
```

### RULING ON MOTION TO DISMISS

Defendant Maritime Odyssey Preschool has moved to dismiss plaintiff Shantay Taylor's Amended Complaint for failure to state a claim upon which relief can be granted. Oral argument was held on January 11, 2024. For the reasons set forth below, the motion is being granted.

### I.   FACTUAL BACKGROUND

The plaintiff was employed by the defendant until September 2021. She claims she was discriminated against by the defendant when it terminated her employment due to her sincerely held religious beliefs that led her to refuse to abide by the defendant's mandatory COVID-19 vaccination policy, adopted pursuant to state law. See Am. Compl. (ECF No. 17) ¶ 5; Resp. to Ruling (ECF No. 18) at 2. The plaintiff requested an accommodation, which the defendant offered in the form of requiring weekly testing for COVID-19. See Resp. to Ruling at 2.

-1-

The plaintiff refused the accommodation on the basis that COVID-19 tests include "ethylene oxide," which the plaintiff states is "cancer-causing." Id. The plaintiff was ultimately terminated from her employment.

The plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued its Notice of Dismissal and Right to Sue on September 1, 2022. The plaintiff timely filed suit on November 10, 2022. The Initial Review Order (ECF No. 16) recommended that the Complaint (ECF No. 1) be dismissed with leave to replead, and on January 31, 2023, the plaintiff filed the Amended Complaint. On March 1, 2023, the second Initial Review Order (ECF No. 20) recommended that the Amended Complaint proceed to service of process on the Title VII claim and that her claim under the Rehabilitation Act, set forth in the original Complaint, be dismissed. The court accepted the recommended ruling on March 21, 2023, and the Clerk of Court docketed the forms needed for service of process on June 7 and June 8, 2023.

## II.  LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual

allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 550, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (citations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." Id. at 568.

"The function of a motion to dismiss is 'merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Mytych v. May Dep't Store Co., 34 F. Supp. 2d 130, 131 (D. Conn. 1999) (quoting Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984)). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence

to support his claims." United States v. Yale New Haven Hosp.,
727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S.
at 232).

   In its review of a motion to dismiss for failure to state a
claim, the court may consider "only the facts alleged in the
pleadings, documents attached as exhibits or incorporated by
reference in the pleadings and matters of which judicial notice
may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15
(2d Cir. 1993). "[I]n some cases, a document not expressly
incorporated by reference in the complaint is nevertheless
'integral' to the complaint and, accordingly, a fair object of
consideration on a motion to dismiss. A document is integral to
the complaint 'where the complaint relies heavily upon its terms
and effect.'" Goel v. Bunge, Ltd., 820 F.3d 554, 559 (2d Cir.
2016) (quoting Chambers v. Time Warner, Inc., 282 F.3d 147, 153
(2d Cir. 2002)).

   When considering the sufficiency of the allegations in a
pro se [complaint, the court applies "less stringent standards
than [those applied to] formal pleadings drafted by lawyers."
Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v.
Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the
court should interpret the plaintiff's complaint "to raise the
strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d
787, 790 (2d Cir. 1994).

## III. DISCUSSION

The plaintiff maintains that the defendant's actions in refusing her a reasonable accommodation and terminating her employment constituted employment discrimination on the basis of religion in violation of Title VII, 42 U.S.C. §§ 2000e et seq. The defendant contends, inter alia, that the plaintiff's claim must be dismissed because exempting the plaintiff from the vaccination policy would have required the defendant to violate state law. The court agrees.

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual . . . because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). "To avoid Title VII liability for religious discrimination, . . . . an employer must offer a reasonable accommodation that does not cause the employer undue hardship." We The Patriots USA, Inc. v. Hochul, 17 F.4th 266, 292 (2d Cir. 2021) (emphasis omitted). "[C]ourts agree that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law." Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 830 (9th Cir. 1999). In these instances, "the existence of such a law establishes 'undue hardship.'" Id. See Does 1-2 v. Hochul, 632 F.Supp.3d 120, 145 (E.D.N.Y. 2022) ("The sole 'accommodation' the plaintiffs seek--

a religious exemption from the vaccine requirement--would impose an undue hardship on the Private Defendants because it would require them to violate state law.").

On September 10, 2021, Governor Lamont issued Executive Order 13G pursuant to his emergency authority under Conn. Gen. Stat. §§ 19a-131a and 28-9. For purposes of the order, "school board" was defined as "the operator of any public or non-public pre-K through grade 12 school," Exec. Order 13G § 2(d) (Sept. 10, 2021), and "covered worker" was defined as "all employees, both full and part-time, contract workers, providers, assistants, substitutes, and other individuals working in a public or non-public pre-K to grade 12 school system or child care facility," id. § 2(h). Section 3(c), the vaccination mandate, provided:

> i.  On and after September 27, 2021, school boards and child care facilities shall require that any covered worker (1) is fully vaccinated against COVID-19, (2) has received the first dose and has either received a second dose or has an appointment for the second dose in a two-dose series vaccination, such as Pfizer or Moderna vaccines, or has received a single-dose vaccine, such as Johnson & Johnson's Janssen vaccine, or (3) is exempt from this requirement because a physician, physician's assistant, or advanced practice registered nurse determined that the administration of COVID-19 vaccine is likely to be detrimental to the covered worker's health, or the covered worker objects to vaccination on the basis of a sincerely held religious or spiritual belief, and the covered worker is able to perform their essential job

functions with a reasonable accommodation that is not an undue burden on the school board or child care facility, provided that any covered worker claiming such exemption shall apply for an exemption on the basis of medical conditions or sincerely held religious or spiritual beliefs. Each request for an exemption shall be considered on an individualized, case-by-case basis. Any person who has applied for an exemption shall provide appropriate supporting documentation upon request.

ii.  A covered worker who is hired before September 27, 2021 may, as an alternative to vaccination, and regardless of whether the covered worker has a medical or religious exemption, comply with the testing requirements contained in Section 4 of this order and any additional safety precautions imposed by the school board or child care facility.

Id. § 3(c). Section 4(b) addressed testing requirements and provided:

i.  On and after September 27, 2021, a covered state agency that employs or contracts for the services of state employees as well as school boards and child care facilities that employ or contract for the services of covered workers shall, except for contract workers (see Section 5 below), implement a policy that requires state employees or covered workers who have not demonstrated proof of full vaccination to submit to COVID-19 testing not less than once per week on an ongoing basis until fully vaccinated and to provide adequate proof of the results of the testing on a weekly basis in a form and manner directed by the Department of Public Health without adoption of such requirements by regulation in accordance with Chapter 54 of the Connecticut General Statutes. The Department of Public Health may, without adoption of regulations pursuant to Chapter 54 of the Connecticut General Statutes, promulgate a policy and procedures for

limited-duration    waivers    of    the    testing
requirements contained herein.

Id. § 4(b). Section 8 of Executive Order 13G prohibits covered
workers from entering the premises of a school board or child
care facility without proof of compliance with the order or
prior written authorization of the school board or child care
facility. See id. § 8(a). In addition, Section 8 provides for
monetary penalties against school boards and child care
facilities in violation of Executive Order 13G. See id. § 8(b)-
(d).

The Amended Complaint reflects that the defendant is a
school and that the plaintiff was a school employee. Neither
party disputes that the defendant was thus a "school board" and
the plaintiff a "covered worker" subject to Executive Order 13G.
Executive Order 13G required covered workers employed by school
boards to be vaccinated against COVID-19 and permitted employees
hired before September 27, 2021 to be tested as an alternative
to vaccination. The plaintiff has not identified in the Amended
Complaint any alternative reasonable accommodation that she
requested and which would have allowed the defendant to comply
with Executive Order 13G. She merely contends that the Executive
Order was an unlawful mandate and that weekly testing does not
qualify as a reasonable accommodation. Other courts have
dismissed similar claims where state law did not even permit

testing as a reasonable accommodation and alternative to
mandatory vaccination. <u>See</u> <u>Algarin v. NYC Health + Hospitals</u>
<u>Corp.</u>, ___ F.Supp.3d ____, 2023 WL 4157164, at *7 (S.D.N.Y. June
23, 2023) ("The Court agrees that granting Plaintiff a religious
exemption from the mandatory vaccination requirement or
permitting regular COVID testing in lieu of vaccination would
cause Defendant an undue hardship because it would require
Defendant to violate a state rule.").

Because the accommodation requested by the plaintiff would
have required the defendant to violate state law, it would have
constituted an undue hardship on the defendant, and the
plaintiff cannot show that the defendant discriminated against
her based on her religion in violation of Title VII.


### IV.   CONCLUSION

Accordingly, Defendant's Motion to Dismiss (ECF No. 37) is
hereby GRANTED. The Amended Complaint is dismissed with
prejudice for failure to state a claim upon which relief can be
granted.

The Clerk shall close this case.

It is so ordered.

Dated this 18th day of January 2024, at Hartford,

Connecticut.

                                      /s/AWT
                              Alvin W. Thompson
                        United States District Judge